## Kessler *v.* Connor, Appellant.

*Practice, C. P.—Affidavit of defense—Contract—Failure of consideration—Promissory notes.*

In an action upon several promissory notes the affidavit of defense averred that "The notes sued upon here were given in payment for certain whisky which was ordered from the plaintiff in this suit. Under the terms of the contract, of which these notes were a part, plaintiffs agreed to deliver certain whisky to this defendant, the agreement being that the whisky was to be delivered at once and the term of these notes was in reality a period of credit. The defendant avers, however, that the plaintiff company totally ignored this phase of the contract and did not deliver any whisky to him at the time, nor have they ever delivered to him any whisky since." *Held,* that the affidavit contained a clear and explicit denial that defendant had ever received any consideration for the notes in suit, and that it was sufficient to prevent judgment.

Argued Oct. 5, 1906. Appeal, No. 83, Oct. T., 1906, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1906, No. 426, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Julius Kessler & Company v. Patrick J. Connor. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on promissory notes. Before MARTIN, P. J.

The material portion of the affidavit of defense is quoted in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Francis M. McAdams,* with him *Joseph P. Rogers,* and *William H. Wilson,* for appellant.—The affidavit of defense was sufficient: Adams v. Ashman, 203 Pa. 536; Bronson v. Silverman, 77 Pa. 94.

*J. C. Levi,* of *Bamberger, Levi & Mandel,* for appellee.

OPINION BY BEAVER, J., November 19, 1906:

We are of opinion that the affidavit of defense filed in this

VOL. XXXII—10

case was sufficient to prevent the entry of a judgment under the rule to show cause.

The action was based upon three several promissory notes, as to which the defendant says in his affidavit:

" The notes sued upon here were given in payment for certain whiskey which was ordered from the plaintiff in this suit. Under the terms of the contract, of which these notes were a part, plaintiffs agreed to deliver certain whiskey to this defendant, the agreement being that the whiskey was to be delivered at once and that the term of these notes was in reality a period of credit. The defendant avers, however, that the plaintiff company totally ignored this phase of the contract and did not deliver any whiskey to him at the time, nor have they ever delivered to him any whiskey since."

This we regard as a clear and explicit denial that defendant had ever received any consideration for the notes upon which the action was based. The allegation is that notes were given under a contract " that the whiskey was to be delivered at once." An express averment, therefore, that the plaintiffs did not deliver any whiskey to him at the time, nor have they ever delivered to him any whiskey since, is neither vague nor uncertain. It was not necessary to allege that no whiskey had been delivered to him previously, for that was not the contract, nor could the contract, as set forth, be so construed. The suggestion that there is no denial that the whiskey was delivered to some other person is not worthy of serious consideration. If it was so delivered and was for the defendant, it was a delivery to him and of this there is an express denial.

Irrespective, therefore, of the delay, in consequence of which defendant was compelled to purchase whiskey elsewhere, and of the alleged fraud as to the character and quality of what he had agreed to purchase from the plaintiffs, we are of opinion that there is a clear denial of consideration for the notes in suit, which raises a question of fact to be determined by a jury, and that, therefore, the rule for judgment for want of a sufficient affidavit of defense should have been discharged.

Judgment reversed and a procedendo awarded.